ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF TERREBONNE PER CURIAM hWe grant plaintiffs’ writ application in part, finding the lower courts erred in granting defendant’s motions in limine and striking the expert opinion testimony of Dr. Robert Geller, Dr. Lawrence Guzzardi, Dr. Jason Richardson, and Mr. Laurence Durio. We also find the lower courts erred in granting defendant’s motion for summary judgment. In all other respects, plaintiffs’ writ application is denied. In July of 2010, on two separate occasions, defendant Foris Pest Management, Inc. spot treated the Freeman’s home for termites using Termidor-SC, a termiticide containing fipronil. Fipronil is an odorless and colorless neurotoxin that has been widely used since 1996. Foris treated the termite damage areas by drilling holes through the concrete slab and injecting termiticide into the soil under the slab. Following the treatments, the plaintiffs allegedly experienced headaches, nausea, dizziness, and confusion. Subsequently, the Freemans filed the underlying suit against Foris and its insurer alleging that they suffered personal injuries and property damages due to-exposure to fipronil that was contained in the termiticide The Freemans retained several experts in this matter, including Robert Geller, MD (medical toxicologist), Lawrence Guz-zardi, MD (medical toxicologist), Jason Richardson, Ph.D. (toxicologist) and Laurence Durio (Certified Industrial 12Hygienist). Foris filed several pre-trial motions including motions to exclude the expert testimonies of Drs. Geller, Guzzardi and Richardson, and Mr. Durio, asserting the proposed testimony did not meet the requirements for admissibility under La. C.E. art. 702, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and Cheairs v. DOTD, 03-0680 (La. 12/3/03), 861 So.2d 536. Defendant also filed a motion for summary judgment, seeking dismissal of the case. Following a Daubert hearing, the district court granted defendants’ motion in limine striking these experts’ testimony. The court of appeal affirmed, finding no error in that ruling: After reviewing the record, this Court finds no abuse of the district court’s discretion in ruling that the plaintiffs’ three toxicologist experts (Dr. Geller, Dr. Guzzardi, and Dr. Richardson) and Mr. Durio, the industrial hygienist, opinions and testimonies fail to satisfy the admissibility requirements of Daubert. After conducting a Daubert hearing, the district court determined that the experts testimonies should be excluded because: 1) none of the experts are experts regarding fipronil, the termiticide that allegedly caused the plaintiffs’ injuries 2) none of the experts wrote or contributed to any peer-reviewed articles concerning the effects of pesticides in humans ór the effects of fipronil in humans 3) none of the experts attempted a dose reconstruction to determine the amount of fipronil to which the plaintiffs; either collectively or individually, were allegedly exposed 4) none of the experts had access to any biological data or air quality data that conclusively establishes that the plaintiffs were exposed to an appreciable level of fipronil; and 5) no articles or studies reviewed by the experts proves a causal connection between fipronil and the plaihtiffs’ claims. Moreover, the plaintiffs’ experts had conflicting testimonies. Dr. Geller suggested that the fipronil exposure was through inhalation while Mr. Durio believes that fipronil cannot be inhaled. Dr. Richardson alleges that-the fipronil exposure was.dermal .(skin) exposure. Dr. Geller states that, while there is- no data to support his opinion, dermal exposure would not have caused the symptoms . the plaintiffs allege, but.Dr. Richardson disagrees. Additionally, the experts have conflicting testimonies on the effects of the exposure of the fipronil. Dr. Richardson suggests that fipronil caused neuropsychiatric conditions in Bláke Freeman, but admits that there is no scientific data to support his opinion. However, Dr. Guzzardi disagrees that Blake Freeman has psychiatric conditions. Accordingly, we hold that the district court did not abuse its discretion in finding that Dr. Geller, Dr. Guzzardi, Dr, Richardson, and Mr. Durio’s opinions and testimonies fail to satisfy the requirements ofJjLa. Code of Evid. art. 702 as interpreted in Cheairs and Dau-bert, as the experts’ opinions are unreliable because there is no scientific evidence to support their opinions and the probative value is substantially outweighed by the danger of unfair prejudice and misleading the jury as to their opinions’ scientific validity. See Lá. Code of Evid. arts. 104,403. Freeman v. Fon’s Pest Mgmt., Inc., 2016-0208 (La. App. 1 Cir. 10/2/17, 9-10). The standard for determining the admissibility of expert testimony was established by the United States Supreme Court in Daubert. This Court further specified the admissibility of expert testimony in Cheairs v. DOTD, 2003-0680, (La. 12/3/03), 861 So.2d 536. Daubert is now codified in Louisiana Code of Evidence article 702, which governs the admissibility of expert testimony as follows: A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (1) The expert’s scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) The testimony is based on sufficient facts or data; (3) The testimony is the product of reliable principles and methods; and (4) The expert has reliably applied the principles and methods to the facts of the case. Daubert primarily concerns the methodology employed by the experts. Based on what has been presented to this court, we find defendants’ motions in limine and the district court’s rulings thereon, was based on objections to the conclusions reached by the experts on causation, rather than objections to the methodology applied by the experts. Plaintiffs presented evidence at the hearing to establish the experts’ methodology and no contradictory evidence was offered by defendants to suggest their methodology was improper to formulate an opinion on causation. In granting the defendants’ motions to exclude the experts, the district court focused on the fact that none had written peer-reviewed articles concerning fipronil. However, Daubert imposes no such requirement. Instead, Daubert considers whether the methodology employed by the expert has been subject to peer review or | ¿publication. Likewise, Daubert does not require an expert provide a quantitative assessment to prove causation. The lower courts failed to recognize the plaintiffs could meet their burden of proving causation through either a quantitative or a qualitative assessment of fipronil exposure. See generally Arabie v. CITGO Petroleum Corp., 2010-2605 (La. 3/13/12), 89 So.3d 307, 321-322. Indeed, the experts conducted a qualitative assessment of the plaintiffs’ exposure and determined that these exposures caused the plaintiffs injuries. Additionally, the district court found it relevant that the experts’ gave conflicting testimony concerning the means by which the plaintiffs’ were exposed to fipronil and the effects of their exposure. However, such inconsistency is more properly considered an issue of credibility of the experts and does not address the admissibility of experts’ opinions. After rendering judgment on Fon’s motions in limine, the district court considered the defendants’ motion for summary judgment, which alleged that the plaintiffs had failed to meet their burden of proof because the plaintiffs had failed to present admissible, competent, relevant, and reliable evidence that satisfied the requirements of Daubert for reliability. Because the district court had excluded plaintiffs’ experts relative to causation, the district court essentially found plaintiffs could not prove causation. Because we find the district court’s rulings on the motions in li-mine to be in error, we also reverse the ruling granting the defendants’ motion for summary judgment. For the reasons stated above, we find the district court abused its discretion in granting the defendants’ motions in limine relative to Robert J. Geller, M.D., Lawrence Guzzardi, M.D., Jason Richardson, PhD., and Laurence Durio, and erred in granting defendants’ motion for summary judgment. Accordingly, we reverse these rulings of the district court and. remand this matter for further proceedings. REVERSED IN PART AND REMANDED WEIMER, J., would grant and docket.