CRAIN, J.
The plaintiffs in this medical malpractice action appeal a summary judgment dismissing their claims against two defendants. We reverse and remand.
FACTS AND PROCEDURAL HISTORY
This case arises out of the death of Jessica Thompson, the one-year-old daughter *444 of the plaintiffs, Petrie and Bertha Thompson. Three days before Jessica's death, Bertha brought her to The Center for Pediatric and Adolescent Medicine, L.L.C. (The Center), where she was examined by Bernard Gaudin, a nurse practioner. The Thompsons allege, in relevant part, that Gaudin provided substandard care to Jessica by administering immunizations under contraindicated conditions. As a result, Jessica allegedly suffered injuries and ultimately died.
The Thompsons sued Gaudin, The Center, and Henry M. Peltier, M.D., Gaudin's alleged supervisor.[1] The claims against Dr. Peltier and The Center were reviewed by a medical review panel, which found no breach of the applicable standard of care and, more specifically, found Jessica's condition was appropriate for the administration of vaccines. Relying on that opinion, Gaudin and his liability insurer, American Casualty Company of Reading, Pennsylvania, (collectively "Gaudin") filed a motion for summary judgment seeking a dismissal of the claims against them. Gaudin asserted the Thompsons had "no expert to establish the standard of care, whether there was a breach of the standard of care, and whether there was medical causation."
The Thompsons responded with the affidavit of Robert S. Chabon, M.D., a board-certified pediatrician, who attested that, based upon his review of Jessica's medical records, Gaudin breached the standard of care when he administered the vaccinations to Jessica. The administration of those vaccinations, according to Dr. Chabon, resulted in Jessica's untimely death.
Gaudin objected to the affidavit, arguing it was inadmissible and should be stricken because it was untimely, not in proper form, and conclusory. The trial court allowed the affidavit into evidence but found it insufficient to create a genuine issue of material fact. In a judgment signed on March 6, 2017, the trial court granted the motion for summary judgment and dismissed, with prejudice, the Thompsons' claims against Gaudin. The Thompsons appeal.
DISCUSSION
After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966A(3). The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. Pro. art. 966A(2). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria governing the trial court's determination of whether summary judgment is appropriate. In re Succession of Beard, 13-1717 (La. App. 1 Cir. 6/6/14), 147 So.3d 753, 759-60.
The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue before the court on the motion for summary judgment, the mover's burden does not require that he negate all essential elements of the adverse party's claim, action, or defense, but rather to point to the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the *445 mover is not entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966D(1). Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. Willis v. Medders, 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050.
A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Hines v. Garrett, 04-0806 (La. 6/25/04), 876 So.2d 764, 765 (per curiam ); Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La. 7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Hines, 876 So.2d at 765 ; Smith, 639 So.2d at 751. Because the applicable substantive law determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case. Bryant v. Premium Food Concepts, Inc., 16-0770 (La. App. 1 Cir. 4/26/17), 220 So.3d 79, 82, writ denied, 17-0873 (La. 9/29/17), 227 So.3d 288.
To establish a claim for medical malpractice, a plaintiff must prove, by a preponderance of the evidence, the standard of care applicable to the defendant, a breach of that standard of care, and a causal connection between the breach and the claimed injury. See La. R.S. 9:2794A; Samaha v. Rau, 07-1726 (La. 2/26/08), 977 So.2d 880, 883-84. Nurses who perform medical services are subject to the same standards of care and liability as are physicians. Johnson v. Morehouse General Hospital, 10-0387 (La. 5/10/11), 63 So.3d 87, 96 ; Aymami v. St. Tammany Parish Hospital Service District No. 1, 13-1034 (La. App. 1 Cir. 5/7/14), 145 So.3d 439, 447. Expert testimony is generally required, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. Johnson, 63 So.3d at 96 ; Aymami, 145 So.3d at 446.
In his motion and supporting documents, Gaudin sufficiently pointed out an absence of factual support for one or more elements essential to the Thompsons' claim. See La. Code Civ. Pro. art. 966D(1); Samaha, 977 So.2d at 883-84. The burden of proof then shifted to the Thompsons to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. See La. Code Civ. Pro. art. 966D(1). To meet that burden, the Thompsons rely on the affidavit of Dr. Chabon.
Dr. Chabon, as confirmed in his affidavit, is a board-certified pediatrician, licensed to practice medicine in Missouri. The affidavit verifies that the opinions therein are based on Dr. Chabon's review of the records provided to him, including Jessica's autopsy report and her medical records from The Center and Ochsner Health System. The affidavit then provides:
4.
Based upon my training, knowledge, education and experience, as a medical doctor specializing in pediatric medicine, and based on the records and facts of this case, it is my medical opinion that Bernard Gaudin, PNP, Henry M. Peltier, M.D., and the Center for Pediatric and Adolescent Medicine, LLC, fell below the standard of care when they administered Jessica Thompson vaccinations, against the consent and vehement objections of her mother, Bertha Thompson.
5.
*446 Further, it is my opinion that the administration of vaccinations to the Decedent, without and against the consent of her mother, resulted in the untimely death of thirteen-month old Jessica Thompson.
In his reply memorandum, Gaudin objected to the admissibility of the affidavit on several grounds, including its form (an initial copy was not signed or notarized), timeliness, and purported failure to satisfy the requirements of Louisiana Code of Civil Procedure article 967 and Louisiana Code of Evidence article 702. At the beginning of the hearing on the motion, Gaudin's counsel advised the trial court he had "no objection" to any of the evidence "[e]xcept to the extent that we have objected to the sufficiency of the affidavit that has been presented," which, according to counsel, did not "overcome our motion for summary judgment as to the need for expert testimony." The trial court responded, "[T]hat goes to the merits so I'm going to hear the merits." After confirming there was no objection to the timeliness of the affidavit, the trial court stated, "So it's in." Gaudin's counsel replied, "That's fine." The trial court then reviewed the substance of the affidavit and found it "inadequate," "conclusory," and insufficient to establish the plaintiffs would prevail at trial. Based on that finding, the trial court granted summary judgment.
An affidavit of an expert may set forth opinions "as would be admissible in evidence under Louisiana Code of Evidence Article 702," and shall show affirmatively the affiant is competent to testify to the matters stated therein. See La. Code Civ. Pro. art. 961A. Article 702 permits an expert witness to testify in the form of an opinion if (1) the witness's expertise will help the trier of fact to understand the evidence or to determine a fact in issue, (2) the testimony is based on sufficient facts or data, (3) the testimony is the product of reliable principles and methods, and (4) the expert has reliably applied the principles and methods to the facts of the case. See also Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 590-95, 113 S.Ct. 2786, 2795-98, 125 L.Ed.2d 469 (1993) ; Freeman v. Fon's Pest Management, Inc., 17-1846 (La. 2/9/18), 235 So.3d 1087, ---- (2018 WL 793988, p. 3). The inadequacy of an affidavit offered in connection with a motion for summary judgment is a "formal defect," which is waived by the opponent unless he timely objects to the affidavit. Independent Fire Insurance Company v. Sunbeam Corporation, 99-2181 (La. 2/29/00), 755 So.2d 226, 235 n.4.
Article 966D(2), as amended in 2015, provides:
The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider.
Pursuant to this provision, if an expert's affidavit contains opinions that lack an adequate factual basis, are not sufficiently reliable, or are otherwise inadmissible under Article 702 and 967A, the opposing party must object to the affidavit. See also La. Code Civ. Pro. art. 1425F; Adolph v. Lighthouse Property Insurance Corporation, 16-1275 (La. App. 1 Cir. 9/8/17), 227 So.3d 316, 320 ; Dawson v. Harmony, L.L.C., 12-1580, 2013 WL 1189381 (La. App. 1 Cir. 3/22/13), writ denied, 13-1915 (La. 11/8/13), 125 So.3d 454. In the absence *447 of an objection or, as here, if the objection is overruled, the trial court is now statutorily obligated to consider the expert's opinions. See La. Code Civ. Pro. art. 966D(2). At that point, in determining whether the evidence creates a genuine issue of material fact, the trial court cannot make credibility determinations, evaluate testimony, or otherwise weigh the evidence. See Smith, 639 So.2d at 751 ; Janney v. Pearce, 09-2103 (La. App. 1 Cir. 5/7/10), 40 So.3d 285, 289, writ denied, 10-1356 (La. 9/24/10), 45 So.3d 1078. The trial court must assume all affiants are credible. See Independent Fire Insurance Company, 755 So.2d at 236 ; Janney, 40 So.3d at 289.
Gaudin timely objected to Dr. Chabon's affidavit, then waived those objections "[e]xcept to the ... sufficiency of the affidavit." The trial court, believing that challenge went to the merits of the motion, ruled the affidavit was "in." Because Dr. Chabon's affidavit was not excluded pursuant to Gaudin's objection, his opinions must be considered in determining whether the opponents met their burden of proving the existence of a genuine issue of material fact or that the movers are not entitled to judgment as a matter of law. See La. Code Civ. Pro. art. 966D(2).
Gaudin, however, contends Dr. Chabon's opinions do not create a genuine issue of material fact because the affidavit does not provide sufficient facts or reasons to support the opinions. Gaudin specifically points to Dr. Chabon's failure to explain why the administration of the vaccines was inappropriate or how the vaccines caused or contributed to Jessica's death. For support, Gaudin cites jurisprudence for the general proposition that an expert's "conclusory" affidavit, devoid of specific underlying facts to support a conclusion of ultimate "fact," is not legally sufficient to defeat summary judgment. See Scott v. Leonard J. Chabert Medical Center , 10-0192 (La. App. 1 Cir. 12/22/10), 53 So.3d 714, 719-20, writ denied, 11-0175 (La. 3/25/11), 61 So.3d 668 ; Tillman v. Eldridge, 44,460 (La. App. 2 Cir. 7/15/09), 17 So.3d 69, 79 ; Kinch v. Our Lady of Lourdes Regional Medical Center, 15-603 (La. App. 3 Cir. 12/9/15), 181 So.3d 900, 905 ; Albers v. Vina Family Medicine Clinic, 12-1484 (La. App. 4 Cir. 5/22/13), 116 So.3d 940, 944.
This contention fails to recognize that, in a motion for summary judgment, the reasoning or methodology underlying an expert's opinion are relevant only to determine whether the opinions are admissible under Articles 967A and Article 702. See Daubert, 509 U.S. at 592-93, 113 S.Ct. at 2796 ; Freeman , 235 So.3d at ---- (2018 WL 793988 at p. 3) ; Independent Fire Insurance Company, 755 So.2d at 235. Under Article 966D(2), that threshold determination is made when deciding the merits of an objection to the affidavit. As previously explained, if the affidavit passes that threshold test and is admitted, the trial court is statutorily obligated to consider the expert's opinions but, at that point, cannot evaluate the credibility or weight of that evidence. See La. Code Civ. Pro. art. 966D(2); Smith, 639 So.2d at 751 ; Janney, 40 So.3d at 289.
Here, the trial court admitted Dr. Chabon's affidavit into evidence. Gaudin, after seemingly waiving the objection, did not seek review of the trial court's ruling by filing an answer to this appeal or seeking a supervisory writ.[2] Consequently, *448 the admissibility of the affidavit, and more specifically whether the opinions therein are adequately supported to meet the requirements of Article 702 and Article 967A, is not before this court. The affidavit is in evidence and must be considered. See La. Code Civ. Pro. art. 966D(2).[3]
The facts of this case, as well as the applicable law, distinguish it from the cases relied upon by Gaudin. In Scott, a medical malpractice case, the trial court granted summary judgment to the defendant, although the plaintiff presented an expert's affidavit stating the defendant did not follow its protocol for a blood transfusion and, as a result, one of the plaintiffs contracted Hepatitis C. Scott, 53 So.3d at 719. In affirming the summary judgment, this court found the opinions of the plaintiff's expert were "unsupported by facts and insufficient to show the Scotts can win at trial." Scott, 53 So.3d at 719. In contrast to this case, the expert's affidavit in Scott did not establish a breach of the standard of care, but only stated the hospital did not follow its protocol. Scott, 53 So.3d at 719. Scott was also decided before the 2015 amendment to Article 966D(2), which, as previously pointed out, now requires an opposing party to object to an affidavit containing an inadmissible expert opinion. Under current law, if an expert's affidavit is not excluded pursuant to an objection, the trial court is statutorily obligated to consider the opinions therein, regardless of how "conclusory" they may be. See La. Code Civ. Pro. art. 966D(2).
Kinch and Albers are also factually distinguishable. Unlike Dr. Chabon's affidavit, the experts' affidavits in those cases did not address an essential element of the plaintiff's burden of proof. See Kinch , 181 So.3d at 905 (expert's affidavit "fail[ed] to specifically address causation"); Albers , 116 So.3d at 944 (expert's affidavit did not establish the defendant physician actually prescribed the medications that purportedly caused the plaintiff's death). In Tillman , also cited by Gaudin, the court of appeal found the expert's affidavit was sufficient to create a material issue of fact and reversed a summary judgment. See Tillman , 17 So.3d at 80.[4]
*449 Gaudin also argues Dr. Chabon's affidavit does not address all essential elements of the Thompsons' burden of proof. Gaudin contends the affidavit does not identify the standard of care applicable to a nurse practitioner and does not confirm Dr. Chabon is familiar with that standard of care.
Where medical disciplines overlap, a specialist in one field can testify as to the standard of care applicable to those areas of the practice of medicine that are common to both disciplines. See McGregor v. Hospice Care of Louisiana in Baton Rouge, LLC , 13-1979, 2014 WL 5422188 (La. App. 1 Cir. 10/24/14) ; Ricker v. Hebert, 94-1743 (La. App. 1 Cir. 5/5/95), 655 So.2d 493, 495 ; Newsom v. Lake Charles Memorial Hospital, 06-1468 (La. App. 3 Cir. 4/4/07), 954 So.2d 380, 384 n.2, writ denied, 07-0903 (La. 6/15/07), 958 So.2d 1198. Dr. Chabon's affidavit confirms he is a board-certified pediatrician. The parties do not dispute Gaudin was providing nursing care to a pediatric patient at the time of the alleged malpractice. While Dr. Chabon's affidavit does not specifically state the standard of care, he did attest that the medical care provided by the defendants to Jessica fell below the standard of care. Construing all reasonable inferences from this evidence in favor of the Thompsons, one can reasonably infer that Dr. Chabon is familiar with the applicable standard of care, and Gaudin breached that standard.
If a party submits expert opinion evidence in opposition to a motion for summary judgment that would be admissible under Daubert - Foret[5] and the other applicable evidentiary rules, and is sufficient to allow a reasonable juror to conclude that the expert's opinion on a material fact more likely than not is true, the trial court should deny the motion. Independent Fire Insurance Company, 755 So.2d at 236. Dr. Chabon's affidavit was admitted into evidence. Having reviewed that affidavit, we find it sufficient to allow a reasonable juror to conclude that Gaudin breached the applicable standard of care, and that Jessica sustained damages therefrom. The evidence thus creates a genuine issue of material fact precluding summary judgment.
CONCLUSION
The March 6, 2017 summary judgment is reversed, and the case is remanded to the trial court for further proceedings. All costs of this appeal are assessed to Bernard Gaudin and American Casualty Company of Reading, Pennsylvania.
REVERSED AND REMANDED.

The defendants also include American Casualty Company of Reading, Pennsylvania, and Louisiana Medical Mutual Insurance Company.

When an unrestricted appeal is taken from a final judgment, the appellee may seek review of all adverse interlocutory rulings by filing an answer to the appeal. See La. Code Civ. Pro. art. 2133A; Wilson v. Two SD, LLC, 15-0959 (La. App. 1 Cir. 12/23/15), 186 So.3d 103, 113. In his brief on appeal, Gaudin argues in support of a "Motion to Strike" the affidavit. No such motion was filed in the trial court, and, absent an answer to the plaintiffs' appeal or a writ application, the trial court's ruling admitting the affidavit cannot be reversed on appeal. Id.

Under these circumstances, we need not address whether the factual basis for an expert's opinion must, as a condition to the opinion's admissibility, be set forth in the expert's affidavit. While Article 702 states an expert's testimony must be based on "sufficient facts," Article 705A further explains "the expert may testify in terms of opinion or inference and give his reasons therefore without prior disclosure of the underlying facts or data, unless the court requires otherwise." (Emphasis added.) The expert may be required to disclose the underlying facts or data on cross-examination. See La. Code Evid. art. 705A. Pre-trial procedures, including discovery and contradictory motions, are available to a party to obtain and scrutinize the factual basis of an expert's opinion to determine if the opinion is sufficiently reliable to be admissible. See La. Code Civ. Pro. art. 1425 ; Adolph, 227 So.3d at 320 ; Dawson, 2013 WL 1189381 at pp. 1-2.

We also distinguish two recent cases from this circuit affirming summary judgments where opposing experts' affidavits were considered "conclusory." See Cordell v. Tanaka, LLC, 17-0285, 2018 WL 301331 (La. App. 1 Cir. 1/4/18), and Williams v. Liberty Mutual Fire Insurance Company, 16-0996 (La. App. 1 Cir. 3/13/17), 217 So.3d 421, 426-27, writ denied, 17-0624 (La. 6/5/17), 219 So.3d 338. Both cases are silent as to whether objections were made to the affidavits as required by Article 966D(2), and whether the objections were sustained or overruled. Further, the cases involve "trip and fall" claims asserting premises liability, and thus were not governed by Section 9:2794A, which sets forth a specific burden of proof for this medical malpractice action.

See State v. Foret, 628 So.2d 1116, 1123 (La. 1993). The Daubert -Foret standard was codified in Article 702 following its amendment in 2014. See Freeman , 235 So.3d at ---- (2018 WL 793988 at p. 3).