STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0787

JOSEPH E. WILLIAMS AND NICOLE WILLIAMS

VERSUS

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY;
ALLSTATE COUNTY MUTUAL INSURANCE COMPANY; LISA
DAVID; AND HUELON HARRISON

CHH

MRT by CHH

Judgment Rendered: **MAR 1 1 2021**

\* \* \* \* \*

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 679390

Honorable Wilson E. Fields, Judge Presiding

\* \* \* \* \*

Zachary S. Walker
S. Bradley Rhorer
Baton Rouge, LA

Attorneys for Plaintiff-Appellants,
Joseph E. Williams and Nicole
Williams


Charles L. Chassaignac, IV
Kellye R. Grinton
Matthew P. Roth
Baton Rouge, LA

Attorneys for Defendant-Appellees,
State Farm Mutual Automobile
Insurance Company and Lisa David


\* \* \* \* \*

Wolfe, J.
dissents

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**HESTER, J.**

In this case arising out of a motor vehicle accident, plaintiffs, Joseph E. Williams and Nicole Williams, appeal a judgment of the trial court in their favor and against defendants, Lisa David and her insurer, State Farm Mutual Automobile Insurance Company, awarding them general and special damages and legal interest, but not awarding them damages for the diminished value of Mr. Williams' vehicle. For the following reason, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

On November 8, 2018, Mr. Williams was involved in a three-car accident in West Baton Rouge Parish. On that day, Ms. David was driving her car west on Highway 190 when she rear-ended a truck operated by Huelon Harrison. The impact with Ms. David's car propelled Mr. Harrison's truck forward and into the back of Mr. Williams' truck, a 2016 Ford F-150. Mr. Williams and his wife, Mrs. Williams,[1] filed a petition for damages against Ms. David and State Farm (collectively "State Farm"), and Mr. Harrison and his insurance company, Allstate County Mutual Insurance Company ("Allstate").

The matter came before the court for a bench trial on February 19, 2020. During the trial, the Williamses attempted to tender Mr. Alex Katz as an expert in vehicle appraisals, specifically as to diminished value, to testify regarding the diminished value of Mr. Williams' truck. After cross-examining Mr. Katz regarding his qualifications, State Farm objected to Mr. Katz being qualified as an expert. The trial court sustained State Farm's objection and did not accept Mr. Katz as an expert in vehicle appraisals and diminished value. The Williamses proffered Mr. Katz's testimony at the conclusion of the trial. On April 5, 2020, the trial court signed a

---

[1] Mrs. Williams' claim was for loss of consortium. She was not in the truck with Mr. Williams at the time of the accident.

judgment in favor of the Williamses and against Ms. David and State Farm as follows:[2]

> [F]or $6,000.00 in general damages and $3,500.00 in special damages, for a total of $9,500.00 in damages with legal interest thereon from February 7, 2019 until paid; clerk costs in the amount $1,940.34 with legal interest thereon from the signing of this judgment until paid; expert fees associated with the trial testimony of James Sonnier, DC in the amount of $1,500.00 with legal interest thereon from the signing of this judgment until paid; and costs associated with the deposition of Lisa David in the amount of $282.50 with legal interest thereon from the signing of this judgment until paid.

It is from this judgment that the Williamses appeal, raising the following assignments of error:

1. The trial court committed legal error when it considered State Farm's untimely motion to exclude [the Williamses'] diminished value expert, Alex Katz.

2. The trial court abused its discretion when it determined that Katz was not qualified as an expert in the field of diminished value.

3. The trial court erred when it failed to award damages for the diminished value of [Mr.] Williams' 2016 Ford F-150 and failed to tax State Farm with Katz's trial testimony fee.

## LAW AND ANALYSIS

In their first assignment of error, the Williamses contend that the trial court erred in considering State Farm's objection to Mr. Katz as an expert because State Farm failed to file a pre-trial motion in accordance with Louisiana Code of Civil Procedure article 1425(F) and its objection during trial was untimely. Article 1425(F)(1) provides:

> Any party **may** file a motion for a pretrial hearing to determine whether a witness qualifies as an expert or whether the methodologies employed by such witness are reliable under Articles 702 through 705 of the Louisiana Code of Evidence. The motion **shall be filed** not later than

---

[2] At the close of the Williamses' case, Mr. Harrison and Allstate moved for an involuntary dismissal in their favor, contending that there was no evidence shown that Mr. Harrison was responsible for the accident. The trial court granted the motion, and on March 11, 2020, the trial court signed a judgment in conformance with its ruling, granting Mr. Harrison and Allstate's motion for involuntary dismissal.

sixty days prior to trial and shall set forth sufficient allegations showing the necessity for these determinations by the court. (Emphasis added.)

Article 1425 by using "may" permits a party to file a motion for a pretrial hearing to determine if a witness qualifies as an expert, and the article sets out mandatory deadlines within which the motion should be filed. See La. Code Civ. P. art. 5053 (The word "may" is permissive and the word "shall" is mandatory.). However, Article 1425 does not mandate a pretrial motion to challenge the qualifications of an expert.[3] State Farm's objection to the tender of Mr. Katz as an expert during the trial was proper and was correctly considered by the trial court. Therefore, we find no merit to the Williamses' first assignment of error.

In their second assignment of error, the Williamses contend that the trial court abused its discretion when it determined that Mr. Katz was not qualified as an expert in the field of diminished value.[4] The admission of expert testimony is governed by La. Code Evid. art. 702 which pertinently provides:

A. A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
(1) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(2) The testimony is based on sufficient facts or data;
(3) The testimony is the product of reliable principles and methods; and
(4) The expert has reliably applied the principles and methods to the facts of the case.

---

[3] The cases cited by the Williamses in favor of their position, **Adolph v. Lighthouse Prop. Ins. Corp.**, 2016-1275 (La. App. 1st Cir. 9/8/17), 227 So.3d 316, 320 and **Crockerham v. Louisiana Med. Mut. Ins. Co.**, 2017-1590 (La. App. 1st Cir. 6/21/18), 255 So. 3d 604, 610-611 address the procedure to challenge the qualifications of an expert in a motion for summary judgment, not a trial on the merits.

[4] Louisiana Revised Statutes 9:2800.17 states, in pertinent part:

Whenever a motor vehicle is damaged through the negligence of a third-party without being destroyed, and if the owner can prove by a preponderance of the evidence that, if the vehicle were repaired to its preloss condition, its fair market value would be less than its value before it was damaged, the owner of the damaged vehicle shall be entitled to recover as additional damages an amount equal to the diminution in the value of the vehicle.

Article 702 creates a five-element test as to the admissibility of expert testimony. **Blair v. Coney**, 2019-00795 (La. 4/3/20), —— So.3d ——, —— 2020 WL 1675992, *4. The first element requires the expert witness to be qualified as an expert by knowledge, skill, experience, training, or education. Failure of the witness to qualify as an expert pursuant to the introductory paragraph of Article 702(A) or failure of the testimony to meet any of the indicia of reliability or relevancy set forth in 702(A)(1) through (A)(4) will render the testimony inadmissible. **Blair**, —— So.3d at ——, 2020 WL 1675992, *4.

It is well-established that the trial court is afforded wide discretion in determining whether expert testimony should be admitted and who should or should not be permitted to testify as an expert. **Cheairs v. State ex rel. Dept. of Transp. & Dev.**, 2003-0680 (La. 12/3/03), 861 So.2d 536, 541. The district court performs the important gatekeeping role of ensuring "that any and all scientific testimony or evidence admitted is not only relevant, but reliable." **Cheairs**, 861 So. 2d at 541, 589 (quoting **Daubert v. Merrell Dow Pharmaceuticals, Inc.**, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)). Therefore, a trial court's decision to qualify or disqualify an expert will not be overturned absent an abuse of discretion. **Cheairs**, 861 So.2d at 541. In reviewing the trial court's determination, this court must be cautious not to substitute its own factual finding just because it may have decided the matter differently. See **Sullivan v. City of Baton Rouge**, 2014-0964 (La. App. 1st Cir. 1/27/15), 170 So.3d 186, 194.

Recently, in **Blair v. Coney**, the supreme court reinforced the discretion afforded to the trial court as gatekeeper on issues of admissibility of Article 702 evidence. In **Blair,** the narrow issue was whether the court of appeal erred in reversing the trial court's order excluding the testimony of an expert under Article 702. The supreme court reversed the court of appeal and affirmed the trial court, stating:

5

To be clear, we express no opinion as to whether Dr. Bain is qualified to testify in biomechanics, injury causation analysis, or accident reconstruction, nor do we opine, except as otherwise provided herein, as to the reliability of the underlying methodology in general. Our opinion is grounded in the discretion we afford the district court as gatekeeper on issues of admissibility of C.E. art. 702 evidence, finding no abuse of that discretion in this case.

**Blair,** —— So.3d at ——, 2020 WL 1675992, *9.

Prior to offering Mr. Katz as an expert, the Williamses' attorney questioned him about his experience with vehicle appraisals and assessment of diminished value. Mr. Katz testified that he is an auto broker with an independent car dealership, and he appraises the value of vehicles "several times a day." He said that he has been doing so for about fifteen years. When Mr. Katz was asked how often he appraises vehicles that have been in car wrecks, he said it "comes up regularly" when he is appraising vehicles for inventory and that he also does so when writing diminished value claim reports. Mr. Katz testified that he has a dealer's license issued by the state of Louisiana, which allows him to sell vehicles to customers.

State Farm cross-examined Mr. Katz on his qualifications. During cross-examination, Mr. Katz said that he has never been qualified as an expert in diminished value but has written "several dozen" diminished value assessments. Mr. Katz testified that he has never received any specialized training on calculation of diminished value, but he said that is because there is no training on diminished value.

After examination by State Farm, the Williamses offered Mr. Katz as an expert. State Farm objected based on "Mr. Katz's experience level and the fact that he doesn't have any specialized training that would assist the trier of fact in this case with regard to diminished value." The trial court sustained State Farm's objection, stating that it did not have enough information to classify Mr. Katz as an expert in the field of diminished value. In so ruling, the trial court pointed out that Mr. Katz has no curriculum vitae, has only given a "handful of reports," and his only certification is as a dealer.

6

Considering the testimony of Mr. Katz as well as the trial court's reasons for excluding Mr. Katz as an expert, and considering the trial court's gatekeeper role as discussed by the supreme court in **Blair**, we cannot say that the trial court abused its broad discretion in concluding that Mr. Katz was not qualified under Article 702 to testify regarding diminished value. Accordingly, we find no merit to the Williamses' second assignment of error.

Having determined that the trial court did not abuse its discretion in excluding Mr. Katz as an expert, we pretermit discussion of the Williamses' final assignment of error regarding whether Mr. Katz's proffered testimony established an award for damages for the diminished value of Mr. Williams' 2016 Ford F-150.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of the appeal are assessed to plaintiffs-appellants, Mr. Joseph E. Williams and Mrs. Nicole Williams.

**AFFIRMED.**