STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 0423

GAUIS HORTON, INDIVIDUALLY AND ON BEHALF OF MARY HORTON

VERSUS

ST. TAMMANY FIRE PROTECTION DISTRICT #4

**Judgment Rendered:   DEC 3 0 2021**

* * * * * *

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Suit Number 2017-11318

Honorable August J. Hand, Presiding

* * * * * *

| | |
|---|---|
| Kenneth C. Bordes<br>New Orleans, LA<br><br>Lawrence J. Centola, III<br>New Orleans, LA | Counsel for Plaintiff/Appellant<br>Gauis Horton, individually and on<br>behalf of Mary Horton |
| Roy L. Schroeder<br>Timothy G. Schafer<br>New Orleans, LA | Counsel for Defendant/Appellee<br>St. Tammany Parish Fire Protection<br>District #4 |

* * * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

**GUIDRY, J.**

Plaintiff, Gauis Horton, individually and on behalf of Mary Horton, appeals from a trial court judgment granting summary judgment in favor of defendant, St. Tammany Parish Fire Protection District # 4 (the District), and dismissing his claims against it with prejudice. For the reasons that follow, we affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

On April 20, 2016, Mary Horton was struck by a vehicle while riding her bicycle. EMS employed by the District received a call regarding the accident at 7:08 a.m. and dispatched EMT/paramedics Christopher Lunn and David Becerril to the scene at 7:09 a.m. Lunn and Becerril arrived on scene at 7:14 a.m. and found Horton laying in the roadway with tire marks noted on her abdomen and left groin; however, there was no obvious bleeding. Horton was responsive upon initial assessment.

Once in the EMS unit, Horton became extremely agitated and reported more difficulty breathing; however, she would not tolerate attempts to oxygenate with a non-rebreather. Lunn and Becerril established two large IVs and reported to the Louisiana Emergency Response Network (LERN), who directed them to North Oaks Medical Center. Horton was still conscious and agitated and would not tolerate attempts to oxygenate when transport began. Once the EMS unit left the scene at 7:29 a.m., Horton became bradycardic, unresponsive, and had no pulse. Lunn and Becerril contacted LERN and advised of Horton's condition, and LERN re-routed them to Lakeview Regional Medical Center (LRMC), where they arrived at 7:34 a.m. Horton passed away shortly after arriving at LRMC.

Thereafter, on March 21, 2017, Gauis Horton, on behalf of his mother, Mary Horton, filed a petition for damages, naming the District and its insurer as defendants. The petition alleged that the defendants were jointly and severally liable

2

for negligence in failing to timely depart the scene of the accident and failing to take Horton to the nearest hospital.

The District subsequently filed a motion for summary judgment, statement of uncontested material facts, and memorandum in support of its motion for summary judgment on December 12, 2019. The District asserted that it was entitled to summary judgment because its personnel who responded to the call for assistance did not act in a negligent manner and were otherwise entitled to immunity pursuant to La. R.S. 9:2798.5, 37:1732, and/or 40:1133.13. The motion was set for hearing on January 16, 2020. On December 17, 2019, the District filed supplemental exhibit number ten, the affidavit of Stacy Barbay and accompanying exhibits, in support of its motion for summary judgment.

Plaintiff filed an opposition memorandum on January 7, 2020, stating that he was filing his opposition ten days before the hearing with the express agreement of counsel for the District, and asserted that a genuine issue of material fact existed as to whether the paramedics treated Horton in a timely manner and whether the delay in treatment caused a loss chance of survival and stated that expert testimony was not necessary. Plaintiff also filed a motion to strike lines 13 and 14 of the affidavit of Kenneth Salzer, filed by the District in support of its motion for summary judgment, as not being based on personal, firsthand knowledge and sought to exclude the affidavit of Stacy Barbay and accompanying exhibits as not being timely filed in accordance with La. C.C.P. art. 966.

On January 10, 2020, the District filed a reply memorandum objecting to the deposition of Traci Munster, the affidavit of Mark Levin, and the deposition of Angela Wallace, all of which were filed by the plaintiff in opposition to the District's motion for summary judgment. The District stated that it had only granted a short, reasonable extension of the deadline for filing an opposition and the trial court

should exercise its discretion by disallowing the late filed opposition and attachments for failure to apply to the trial court for an extension.

On the date set for hearing on the motion for summary judgment filed by the District and motion to strike filed by plaintiff, and following a conference in chambers, the court ordered that the motion for summary judgment be continued to June 4, 2020, and further ordered the motion to strike was moot.

Thereafter, on March 12, 2020, the District filed an Article 1425(F) motion challenging Dr. Mark Levin's expert witness qualifications, because he was not an expert in emergency medicine, emergency medical services, or training of emergency medical services personnel.[1]

On May 20, 2020, plaintiff filed a supplemental memorandum in opposition to the District's motion for summary judgment and statement of contested material facts. Plaintiff submitted a supplemental exhibit, the affidavit of Joseph Mistovich, an expert in emergency medical services, as evidence that the actions of the paramedics were grossly negligent. Plaintiff also submitted the District's answers to interrogatories with attached LERN protocols. Thereafter, the District filed a motion to strike the affidavit, report, and testimony of Joseph Mistovich and motion in limine. The District asserted that plaintiff's late addition of Joseph Mistovich's affidavit to its summary judgment opposition, after having failed to disclose his retention of Joseph Mistovich prior to the trial court's expert disclosure deadline, expert report deadline, summary judgment deadline, and discovery deadline, was an abuse of the rules of procedure.

On August 20, 2020, plaintiff filed a second supplemental memorandum in opposition to the District's motion for summary judgment. (R. 460) Plaintiff

---

[1] Louisiana Code of Civil Procedure article 1425(F) sets out in detail the procedure that should be followed in order to challenge the qualifications of an expert or the methodology used by the expert in reaching his opinion. Adolph v. Lighthouse Property Insurance Corporation, 16-1275, p. 7 (La. App. 1st Cir. 9/8/17), 227 So. 3d 316, 320.

4

asserted that the District's motion was statutorily deficient because it was filed and served in violation of the deadline set forth in La. C.C.P. art. 966(B)(1). On August 27, 2020, plaintiff filed an opposition to the District's motion to strike the affidavit, report, and testimony of Joseph Mistovich and motion in limine and opposition to the District's Article 1425(F) motion challenging Dr. Mark Levin's expert witness qualifications.

The motion for summary judgment hearing scheduled for June 4, 2020, was finally held on September 3, 2020, along with a hearing on the District's Article 1425(F) motion challenging Dr. Levin's expert witness qualifications; the District's motion to strike affidavit, report, and testimony of Joseph Mistovich; and plaintiff's motion to strike. Following the hearing, the trial court signed a judgment on September 22, 2020, granting the District's motion for summary judgment and ordering all claims brought by plaintiff against the District be dismissed with prejudice. The judgment further ordered that the Article 1425(F) motion challenging expert witness qualifications was rendered moot, denied the motion to strike the affidavit, report, and testimony of Joseph Mistovich, and denied plaintiff's motion to strike.

In its reasons for judgment, the trial court found that the matter was originally set for February 10, 2020, but was continued after the late disclosure of plaintiff's expert witness, Dr. Levin, and the District's desire to file a Daubert challenge to the expert's qualifications and opinion. When the matter was continued, the trial court found that plaintiff engaged another expert witness, Joseph Mistovich, and conveyed the expert report to the District, which objected to the new evidence. The trial court noted, for purposes of ruling on the motion for summary judgment, that it considered the qualifications and opinion of Joseph Mistovich and that even considering the testimony of this expert, the District's motion must be granted. Specifically, the trial court found that the three immunity statutes relied on by the District impart

5

immunity from civil damages for persons such as the EMTs here whenever they are rendering emergency medical care to an individual. The trial court further found the evidence was insufficient to show the EMTs engaged in actions that were intentionally designed to harm or were willful or wanton acts of misconduct or were grossly negligent acts or omissions. The trial court found that the actions of the EMTs were the result of their efforts at a reasoned judgment call while in an emergency situation and they did not act precipitously or arbitrarily or with gross disregard for the consequences, nor were they grossly negligent in their emergency treatment of Horton. The trial court found that the District, as the EMTs' employer, was therefore immune from any vicarious liability that the plaintiff sought to impose on the District.

The plaintiff now appeals from the trial court's judgment. The District filed an answer to the appeal, seeking review of the denial of its motion to strike the affidavit, report, and testimony of Joseph Mistovich.

## DISCUSSION

### Motion for Summary Judgment

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). An issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, pp. 26-27 (La. 7/5/94), 639 So. 2d 730, 750-751.

The Code of Civil Procedure places the burden of proof on the party filing a motion for summary judgment. La. C.C.P. art. 966(D)(1). The mover can meet its burden by filing supporting documentary evidence consisting of pleadings,

6

memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions with its motion for summary judgment. La. C.C.P. art. 966(A)(4). The mover's supporting documents must prove the essential facts necessary to carry the mover's burden.

Once the mover properly establishes the material facts by its supporting documents, the mover does not have to negate all of the essential elements of the adverse party's claims, actions, or defenses if the mover will not bear the burden of proof at trial. La. C.C.P. art. 966(D)(1); Babin v. Winn-Dixie Louisiana, Inc., 00-0078, p. 4 (La. 6/30/00), 764 So. 2d 37, 39; Jenkins v. Hernandez, 19-0874, p. 4 (La. App. 1st Cir. 6/3/20), 305 So. 3d 365, 371, writ denied, 20-00835 (La. 10/20/20), 303 So. 3d 315. The moving party must only point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1); Mercadel v. State Through Department of Public Safety and Corrections, 18-0415 (La. App. 1st Cir. 5/15/19), 2019 WL 2234404 *5-6. The burden then shifts to the non-moving party to produce factual support, through the use of proper documentary evidence attached to its opposition, which establishes the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1); see also La. C.C.P. art. 966, comments-2015, comment (j). If the non-moving party fails to produce sufficient factual support in its opposition which proves the existence of a genuine issue of material fact, Article 966(D)(1) mandates the granting of the motion for summary judgment. Babin, 00-0078 at p. 4, 764 So. 2d at 40; Jenkins, 19-0874 at p. 5, 305 So. 3d at 371.

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Succession of Hickman v. State through Board of Supervisors of Louisiana State University Agricultural and

7

Mechanical College, 16-1069, p. 5 (La. App. 1st Cir. 4/12/17), 217 So. 3d 1240, 1244.

**Motions to Strike**

Both plaintiff and the District filed motions to strike certain evidence filed by the other party in support of and in opposition to the District's motion for summary judgment. In particular, the plaintiff filed a motion to strike lines 13 and 14 of the affidavit of Kenneth Salzer and the District filed a motion to strike the affidavit of Joseph Mistovich. The trial court denied these motions, and both parties now seek review of the trial court's judgment in this regard.

At the outset, we note that the motion to strike was removed as a means of challenging the admissibility of documents filed in connection with a motion for summary judgment with the revision of La. C.C.P. art. 966 by 2015 La. Acts No. 422, effective January 1, 2016. Pursuant to these amendments, La. C.C.P. art. 966(D)(2) now states that "[a]ny objection to a document shall be raised in a timely filed opposition or reply memorandum." Comment (k) of La. C.C.P. art. 966 states that "[966(D)(2)] changes prior law by specifically removing the motion to strike as a means of raising an objection to a document offered by an adverse party in support of or in opposition to a motion for summary judgment and [this article] does not allow a party to file that motion." The intent of Article 966(D)(2) was to make mandatory that any objection to a document filed in support of or in opposition to a motion for summary judgment must be objected to in a timely filed opposition or reply memorandum and not in a "motion to strike" or other pleading. Adolph v. Lighthouse Property Insurance Corporation, 16-1275, p. 6 (La. App. 1st Cir. 9/8/17), 227 So. 3d 316, 319-320.

Accordingly, because both parties failed to properly object to the above referenced evidence, we find no abuse of the trial court's discretion in denying their motions to strike and in considering the evidence at issue.

8

## Statutory Immunity

In the instant case, the District moved for summary judgment, asserting that it is entitled to immunity pursuant to La. R.S. 9:2798.5, 37:1732, and/or 40:1133.13. Therefore, the question before the lower court and on appeal is whether the District established that it was entitled to immunity under these statutes and if so, whether plaintiff made a sufficient showing to rebut that application. See Aucoin v. Larpenter, 20-0792, p. 9 (La. App. 1st Cir. 4/16/21), 324 So. 3d 626, 634, writ denied, 21-00688 (La. 9/27/21), 324 So. 3d 87.

Louisiana Revised Statute 37:1732 provides, in part:

A. Any fireman, policeman, or member of an ambulance or rescue squad who holds a *valid current certification* by the American Red Cross, L.S.U. Fireman Training Rescue Program, United States Bureau of Mines, *or any equivalent training program approved by the Louisiana Department of Health* who renders emergency care, first aid, or rescue while in the performance of his duties at the scene of an emergency or moves a person receiving such care, first aid, or rescue to a hospital or other place of medical care shall not be individually liable to such person for civil damages as a result of acts or omissions in rendering the emergency care, first aid, rescue, or movement of such person receiving same to a hospital or other place of medical care except for acts or omissions intentionally designed to harm or grossly negligent acts or omissions that result in harm to such person, but nothing herein shall relieve the driver of an ambulance or other emergency or rescue vehicle from liability arising from the operation or use of such vehicle.

\* \* \*

C. In order for any fireman, policeman, or member of an ambulance or rescue squad to receive the benefit of the exemption from civil liability provided for herein, *he must first have taken, successfully completed, and hold a valid certificate of completion of the standard first aid course* recognized or approved by the American Red Cross, the United States Bureau of Mines, the L.S.U. Fireman Training Rescue Program, *or any equivalent training program approved by the Louisiana Department of Health*, and further he *shall have a valid certification from* the Red Cross, the United States Bureau of Mines, the L.S.U. Fireman Training Rescue Program, or *the Louisiana Department of Health that he has successfully completed any necessary training or refresher courses*. Any such certification or refresher courses shall have standards at least equal to the standard first aid course recognized or approved by the American Red Cross, United States Bureau of Mines, or the L.S.U. Fireman Training Rescue Program. [Emphasis added.]

9

The District asserts that it is entitled to immunity pursuant to this statute because Lunn and Becerril were certified as licensed paramedics by the Louisiana Department of Health and Hospitals at the time of the accident at issue and had recently completed refresher courses in basic life support, advanced life support, and pediatric advanced life support. In support of its motion, the District submitted the affidavit of Kenneth Salzer, Chief of Emergency Medical Services for the District. Mr. Salzer stated that Lunn and Becerril were employed by the District as paramedics and had participated in and completed paramedic educational training courses and were certified by the American Heart Association in Advanced Cardiac Life Support and Pediatric Advanced Life Support. Salzer attached to his affidavit training attendance logs for Lunn and Becerril for the years 2012-2017 showing the course each had taken. However, neither the affidavit of Mr. Salzer nor any exhibits to the affidavit establish that Lunn and Becerril held any "valid current certification" or "valid certificate of completion" of training programs as required by La. R.S. 37:1732. Furthermore, while Mr. Salzer states that Lunn and Becerril were certified by the American Heart Association in Advanced Cardiac Life Support and Advanced Pediatric Life Support, Mr. Salzer failed to provide proof of such certification or that these programs were recognized by the Louisiana Department of Health as an equivalent training program pursuant to La. R.S. 37:1732. Accordingly, based on the evidence presented, we find that the District has failed to establish that it was entitled to immunity pursuant to La. R.S. 37:1732.[2]

---

[2] We note that the District also filed a supplemental exhibit into the record five days after it had filed its motion for summary judgment. This supplemental exhibit is purportedly an affidavit of Stacy Barbay and has attached the certifications of Lunn and Becerril as licensed paramedics by the Louisiana Department of Health and Hospitals, with an expiration of March 31, 2018. However, the affidavit filed into the record is not complete. As such, because we cannot discern from the affidavit if Ms. Barbay has knowledge to testify as to the facts contained within the affidavit, we find it is insufficient for the District to meet its burden in establishing its entitlement to immunity pursuant to La. R.S. 37:1732 or any of the other immunity statutes for which it is offered.

The District, however, also asserted that it was entitled to immunity pursuant to La. R.S. 40:1133.13, which provides, in part:

A. (1) Any emergency medical services practitioner, *licensed pursuant to the provisions of this Part* who renders emergency medical care to an individual while in the performance of his medical duties *and following the instructions of a physician* shall not be individually liable to such an individual for civil damages as a result of acts or omissions in rendering the emergency medical care, except for acts or omissions intentionally designed to harm, or for grossly negligent acts or omissions which result in harm to such an individual. Nothing herein shall relieve the driver of the emergency vehicle from liability arising from the operation or use of such vehicle. [Emphasis added.]

The legislature conditioned this immunity by limiting its application to *licensed* medical services practitioners who are both (i) rendering emergency medical care to an individual while in the performance of their medical duties and (ii) following the instructions of a physician. See Rathey v. Priority EMS, Inc., 04-0199, p. 32 (La. App. 4th Cir. 1/12/05), 894 So. 2d 438, 461, writs denied, 05-0789 (La. 5/6/05), 901 So. 2d 1107 and 05-0802 (La. 5/6/05), 901 So. 2d 1108. The jurisprudence, however, has recognized an exception to the requirement that the emergency medical services practitioner be following the instructions of a physician if the practitioner is following an approved and established medical protocol. Rathey, 04-0199 at p. 33, 894 So. 2d at 462. A "protocol" has been defined as a prescribed set of instructions established by physicians of the Orleans Parish Medical Society or a set of medical orders for life-threatening situations that EMTs encounter on a routine basis, as established by the Department of Emergency Medical Services, approved by the parish medical society, and distributed to hospitals and individual EMTs. See Rathey, 04-0199 at p. 33, 894 So. 2d at 462 (citing Johnson v. Foti, 02-1995, p. 5 (La. App. 4th Cir. 4/9/03), 844 So. 2d 1050, 1054 and Falkowski v. Maurus, 637 So. 2d 522, 526 (La. App. 1st Cir. 1993)).

As previously noted, the District submitted the affidavit of Mr. Salzer in support of its motion for summary judgment. However, Mr. Salzer makes no

11

reference to Lunn or Becerril being "licensed" paramedics nor do any attachments to his affidavit show any valid licenses. Furthermore, while Mr. Salzer's affidavit references that the District had in use a set of protocols for District EMS personnel, including but not limited to paramedics, that were developed and approved by the District's medical director, a licensed physician, there is no testimony or evidence as to what the protocols were in the instant case. Additionally, although Mr. Salzer states that Lunn and Becerril were following these protocols, as well as the protocols established by LERN, in their treatment of, care for, and transport of Horton, this conclusory allegation, without any factual support or evidence as to what these protocols entail and how they were followed, is insufficient to carry its burden of establishing that it is entitled to immunity pursuant to La. R.S. 40:1133.13.[3]

Finally, the District asserts that it is entitled to immunity pursuant to La. R.S. 9:2798.5, which provides, in part:

> A. Legislative intent. The provisions of this Section are intended to provide for a limitation of liability for any *authorized and duly licensed or certified person or juridical person who specifically acts in accordance with protocols adopted and promulgated by the Louisiana Emergency Response Network Board for the transport of trauma and time-sensitive ill patients*. The protocols are developed to facilitate the timely and appropriate delivery of patients to the most appropriate care site for the definitive treatment of injuries.

> B. Liability shall not be imposed on any authorized and duly licensed or certified person or juridical person who acts in good faith and within the scope of applicable protocols adopted and promulgated by the Louisiana Emergency Response Network Board (R.S. 40:2842(1)) for the Louisiana Emergency Response Network (R.S. 40:2842(3)), in accordance with the statutory mandates provided in R.S. 40:2842 et seq., for damages from acts or omissions resulting in injury, death, or loss, unless such damage or injury was caused by willful or wanton misconduct or gross negligence. [Emphasis added.]

---

[3] The District also submitted excerpts of Lunn's deposition in support of its motion for summary judgment. However, while Lunn details the actions he took on the date at issue, he does not state what the protocols were or how his actions were in conformity with said protocols, other than that it was the policy and procedure to call and ask LERN where the patient should go. Accordingly, we find this evidence is also insufficient to establish the District's entitlement to immunity pursuant to La. R.S. 40:1133.13.

12

Because we have found that the District failed to establish that Lunn and Becerril were duly licensed or certified or that they acted in accordance with protocols adopted and promulgated by LERN for the transport of trauma and time-sensitive ill patients, we likewise find that the District has failed to meet its burden in establishing that it is entitled to immunity pursuant to La. R.S. 9:2798.5.

## CONCLUSION

For the foregoing reasons, we affirm the portions of the trial court's judgment denying the District's motion to strike the affidavit, report, and testimony of Joseph Mistovich and denying plaintiff's motion to strike. However, we reverse the portion of the trial court's judgment granting summary judgment in favor of St. Tammany Parish Fire Protection District #4 and remand this matter to the trial court for further proceedings. All costs of this appeal are assessed to St. Tammany Parish Fire Protection District #4.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

GAUIS HORTON, INDIVIDUALLY
AND ON BEHALF OF MARY
HORTON

STATE OF LOUISIANA

COURT OF APPEAL

VERSUS

FIRST CIRCUIT

ST.TAMMANY PARISH FIRE
PROTECTION DISTRICT #4

NO. 2021 CA 0423

 **HOLDRIDGE, J., concurs.**

I respectfully concur. This holding does not preclude the St. Tammany

Parish Fire Protection District #4 from filing a new motion for summary judgment.