NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 22-199

**JOANN BROOKS, ET AL.**

**VERSUS**

**LHCG, XXI, LLC, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20206278
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Jonathan W. Perry, and Gary J. Ortego, Judges.

**REVERSED**.

**Randall Scott Iles**
**P. O. Box 3385**
**Lafayette, LA 70502**
**(337) 234-8800**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Joann Brooks**
    **Joedy Jeoffroy**
    **Joann Brooks obo James Jeoffroy (deceased)**
    **Joedy Jeoffroy obo James Jeoffroy (deceased)**

**Julie Savoy**
**Michael A. Dalman**
**Gachassin Law Firm**
**P. O. Box 80369**
**Lafayette, LA 70598-0369**
**(337) 235-4576**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **LHCG XII, LLC d/b/a Louisiana Extended Care Hospital of Lafayette**

**EZELL, Judge.**

The issue presented by this case is whether the trial court was correct in granting Louisiana Extended Care Hospital of Lafayette's (LECH) motion to strike an exhibit which was attached to Plaintiffs' opposition to their motions for summary judgment. The exhibit at issue is the Plaintiffs' panel submission to the medical review panel. Plaintiffs submitted this document to establish that they had expert witness testimony establishing that the standard of care was breached in this medical malpractice case.

## FACTS

Joann Brooks and Joedy Jeoffroy filed a medical malpractice complaint with the Louisiana Patient's Compensation Fund on February 9, 2017, for the death of their father, James Jeoffroy. Plaintiffs named Dr. Mitchell Dugas and Dr. Fernando Alemany-Lopez as defendants in addition to LECH, where James was being treated when he died. The medical review panel unanimously found that none of Defendants breached the standard of care.

Plaintiffs filed suit against Defendants on December 21, 2020. Drs. Dugas and Alemany-Lopez filed a motion for summary judgment on May 26, 2021. LECH filed a motion for summary judgment on June 4, 2021. Plaintiffs opposed the motions for summary judgment on August 9, 2021. Exhibit "A" attached to the opposition was the original position paper submitted to the medical review panel by Plaintiffs' attorney. Plaintiffs also argue that the Exhibit included answers to interrogatories, but no answers were included as part of Exhibit "A", or any other exhibit attached to their opposition.

On October 8, 2021, LECH filed a motion to strike the exhibit because it was not admissible evidence for summary judgment purposes.[1] A judgment striking the exhibit was signed on January 24, 2022. Plaintiffs appealed this judgment.[2]

## MOTION TO STRIKE

Plaintiffs argue that the trial court erred in granting LECH's motion to strike Exhibit A, the medical review panel submission. Defendants argue that the panel submission was not authenticated by affidavit and not admissible pursuant to La.Code Civ.P. art. 966(A)(4)'s exclusive list of permissible evidence.

Louisiana Code of Civil Procedure Article 966(D)(2)(emphasis added) provides for an objection filed in support of or in opposition to a motion for summary judgment as follows:

> The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. **Any objection to a document shall be raised in a timely filed opposition or reply memorandum.** The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider.

By Acts 2015, No. 422, § 1, effective January 1, 2016, the legislature amended La.Code Civ.P. art. 966, including subsection (D)(2). Comment (k) (emphasis added) provides, in pertinent part:

> This Subparagraph also maintains the requirement that any objection to any supporting document must be raised in a timely-filed opposition or reply memorandum. **The provision changes prior law by specifically removing the motion to strike as a means of raising**

---

[1] Dr. Dugas and Dr. Alemany-Lopez did not file a motion to strike but did orally object to Exhibit "A" at the hearing. However, no ruling was made regarding their objection so only the issue granting LECH's motion to strike is before this court.

[2] Plaintiffs have appealed the grants of the motions for summary judgment filed by Defendants which are addressed in a separate opinion, *Brooks, et al v. LHCG XXI, LLC, et al.*, 22-74, 22-75 (La.App. 3 Cir. ___/___/___), ____ So.3d ___.

**an objection to a document offered by an adverse party in support of or in opposition to a motion for summary judgment and does not allow a party to file that motion.** This Subparagraph also makes explicit that an oral objection to any document cannot be raised at the hearing on the motion for summary judgment and that a court must consider all documents to which there is no objection.

In *Adolph v. Lighthouse Property Insurance Corp.*, 16-1275 (La.App. 1 Cir. 9/8/17), 227 So.3d 316, the court held that a motion to strike was not a proper pleading to object to a document filed in support of or in opposition to a motion for summary judgment. The court noted that the motion to strike was eliminated by the revisions to La.Code Civ.P. art. 966. Any objection to a document filed in support of or in opposition to a motion for summary judgment must be made by timely filing an opposition or reply memorandum. *Id*.

In *Broussard v. Ave Maria Rosary & Cenacle, Inc.*, 21-508 (La.App. 3 Cir. 6/1/22), 340 So.3d 1204, this court cited *Adolph* with approval, noting that a motion to strike was no longer available as a means to raise an objection to a document filed in support of or in opposition to a motion for summary judgment.

For the above reasons, we find that LECH did not properly object to the evidence submitted by Plaintiffs as required by La.Code Civ.P. art. 966 (D)(2). The trial court erred in granting LECH's motion to strike. The judgment of the trial court is reversed. Costs of this appeal are assessed to Louisiana Extended Care Hospital of Lafayette.

**REVERSED**.

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

3